DECISION AND JUDGMENT ENTRY
This case on our accelerated docket is before us on appeal from a judgment of the Huron County Court of Common Pleas, which denied appellant Robert L. Pinkava's post-sentence motion to withdraw his guilty plea. Because we find that the trial court did not abuse its discretion in denying the motion, we affirm.
Pursuant to a plea agreement with the state, appellant pleaded guilty in 1979 to four counts of rape and one count of sexual battery and was sentenced to an indefinite prison term of three to ten years on the sexual battery charge and four to 25 years on each of the four rape charges, all to be served concurrently. (All of the charges involved child victims.) Appellant's 1979 motion for postconviction relief was denied on the merits, and his 1996 motion for postconviction relief was denied as untimely.
In 2001, appellant filed a pro se motion to withdraw his guilty plea, arguing that the state of Ohio "breached" its "contract," (i.e., the plea agreement) with appellant. According to appellant, the state committed this "breach" when: (1) the Ohio Parole Board placed appellant into the "Multiple Separate Offense" category and has refused to grant him parole; and (2) the state retroactively applied the terms of H.B. 180 (R.C. Chapter 2950) to him. Appellant also contends that he is entitled to withdraw his guilty plea because certain allegedly exculpatory evidence was withheld from him. In a thorough and well-reasoned opinion, the trial court denied appellant's motion to withdraw his guilty plea, and this appeal followed. Appellant presents two assignments of error for our review:
"ASSIGNMENT OF ERROR NUMBER 1
 "THE TRIAL COURT IN EFFECT DENIED APPELLANT ACCESS TO THE COURTS WHEN THE TRIAL COURT FAILED TO RULE ON THE ISSUES THAT WERE PRESENTED, AND INSTEAD RULED UPON ISSUES OF ITS CHOOSING. (FIRST AND FOURTEENTH AMENDENTS [sic] OF THE CONSTITUTION OF THE UNITED STATES[)].
"ASSIGNMENT OF ERROR NUMBER 2
 "THE TRIAL COURT ERRED IN ITS DECISION TO DISMISS APPELLANT'S CLAIM OF FACTUAL INNOCENCE."
We begin by noting that a post-sentence motion to withdraw a guilty plea is granted only in extraordinary circumstances to correct "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus, 264. See, also, Crim.R. 32.1. Further, because a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, we reverse the trial court's decision on such a motion only when the trial court has abused its discretion. Smith, 49 Ohio St.2d at 264. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
In his first assignment of error, appellant contends that the trial court denied him access to the courts by refusing to address the issues appellant presented in his motion. We disagree. We have thoroughly reviewed appellant's motion to withdraw his guilty plea and the trial court's judgment entry denying that motion, and we find that the trial court more than amply addressed appellant's arguments. In response to appellant's argument that the state breached the contract (the plea agreement) by not granting him parole, the trial court held that the proper remedy for such a claim is a writ of habeas corpus filed with the court in the jurisdiction in which the prison is located. The court also held that appellant's contention was not well-taken on its merits since a prisoner has no constitutional right to conditional release before the expiration of his sentence. In response to appellant's claim that the state breached the contract by retroactively applying H.B. 180 to him, the trial court held: (1) that the Supreme Court of Ohio has found retroactive application of H.B. 180 to be constitutional; and (2) that retroactive application of H.B. 180 does not alter previous plea bargains. Since the trial court squarely dealt with appellant's contentions, we find appellant's first assignment of error not well-taken.
In his second assignment of error, appellant contends that the trial court erred by dismissing his claim of "factual innocence." Appellant asserted in his motion that his alleged victims were examined at Euclid General Hospital (now Merida Euclid Hospital), and that appellant has tried on several occasions to gain access to these records but "to date has been unable to obtain said evidence." The trial court responded, first, by noting that appellant had cases both in Huron and Cuyahoga counties, and appellant did not allege that his Huron county victims had been examined at Euclid General Hospital. The court also noted that appellant did not indicate when he discovered this evidence, making it impossible for the court to evaluate the timeliness of appellant's motion. Without more, according to the trial court, a 22 year delay in filing such a motion on these grounds "adversely affects [appellant's] credibility and mitigates against granting his motion." The case that the court cited supports such a conclusion. See Smith, 49 Ohio St.2d 261
at paragraph three of the syllabus.
Finally, the trial court noted that it had found in its 1980 judgment entry denying appellant's motion for postconviction relief that appellant had been represented in the trial court by competent counsel who thoroughly investigated the case and that overwhelming evidence pointed to appellant's guilt. Since appellant was well-represented in the trial court and there was overwhelming evidence of his guilt, the court held that, even assuming the evidence was only recently discovered, appellant could not show manifest injustice. We cannot say that the trial court abused its discretion in finding appellant's claim of "factual innocence" not well-taken. Therefore, appellant's second assignment of error is found not well-taken.
Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.